IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18 CV 267 MR WCM

| | | |
|---|---|---|
| LONNIE B. BARBEE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ISOTHERMAL COMMUNITY | ) | |
| COLLEGE, RUSSELL WICKER, | ) | |
| DAVIR LIBERA, THAD HARRILL, | ) | |
| STEVE MATHENY, WALTER | ) | |
| DALTON, and SALONIA THORN | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Defendants' Motion for Sanctions for

Plaintiff's Failure to Attend Mediation (the "Motion for Sanctions," Doc. 29)

and Plaintiff's Motion for Extension of Deadlines (the "Motion for Extension,"

Doc. 32).

I.    Relevant Background

On July 3, 2019, a Pretrial Order and Case Management Plan was

entered setting, among other things, a trial date of September 8, 2020.  Doc.

15.  The pretrial deadlines were subsequently modified twice, as follows:

| Deadline | Original | First Extension | Second Extension |
|----------|----------|-----------------|------------------|
| Discovery | March 8, 2020 | March 31, 2020 | April 30, 2020 |
| Mediation | March 22, 2020 | April 15, 2020 | May 8, 2020 |
| Motions | April 8, 2020 | April 30, 2020 | May 15, 2020 |

See Docs. 15, 25, & 27.

The Motion for Sanctions indicates that the parties agreed to conduct a mediated settlement conference, via videoconference, on May 6, 2020.[1] As Plaintiff did not have access to a computer, Defendants arranged for him to use a computer located at the LeGrand Center.

On May 2, 2020, Plaintiff mailed a handwritten note to defense counsel's firm stating that Plaintiff would not be attending the mediation "due to the Covid 19 outbreak" and that Plaintiff had put himself "in 14 day quarantine." (Doc 29-3).

Defense counsel received Plaintiff's handwritten note on May 4, 2020 and contacted Plaintiff by telephone, at which point Plaintiff voiced concerns about appearing at the LeGrand Center for the purpose of joining the videoconference. Defense counsel represents that Plaintiff stated he could participate in mediation by telephone, and that the mediator was subsequently

---

[1] The parties previously participated in an unsuccessful mediation pursuant to the *pro se* settlement assistance program. See Doc. 13.

advised of these developments and contacted Plaintiff to arrange for him to participate in that manner.[2]

On May 6, 2020, Defendants appeared at mediation. Plaintiff, however, did not appear. Specifically, Plaintiff did not answer his phone despite eight attempts by the mediator to reach him.

Finally, Defendants state that Plaintiff left a voicemail message for defense counsel the next day stating that Plaintiff was "just not feeling well" and didn't "know what else to do," and requesting that defense counsel "maybe…advise me what to do." Doc. 29-5, p. 4.

Defendants ask that the Court consider the Motion for Sanctions "by hearing or upon written response" from Plaintiff, and award sanctions to Defendants, such as reasonable expenses and attorneys' fees in connection with the mediation and the Motion for Sanctions, an order striking Plaintiff's Complaint or dismissing this action, or any other appropriate relief. Doc. 29, pp. 2-3.

On May 14, 2020, and apparently in response to the Motion for Sanctions, Plaintiff filed the Motion for Extension. See Doc. 32, ¶ 25. In that Motion, Plaintiff requests "at least" a thirty-day extension of the (now expired)

---

[2] In his Mediation Report, the mediator advises that he "contacted Mr. Barbee to discuss the mediation process, and he had agreed that he would participate in the mediated settlement conference by telephone rather than teleconference." Doc. 28, p. 1.

discovery, mediation, and dispositive motion deadlines and cites concerns regarding COVID-19 in support of his request. See Doc. 32, ¶ 26. Plaintiff contends that his health concerns prohibited his participation in the May 6, 2020 mediation. He does not directly deny that he had agreed to participate in mediation by telephone but says he "is not in receipt of written communication referencing any arrangement for mediation by telephone." See Doc. 32, ¶ 9.[3] Plaintiff further contends that he was surprised by both the filing of the Motion for Sanctions and the Mediator's Report. See Doc. 28. Finally, Plaintiff states that he suffers from poor hearing and therefore requests an in-person mediation because he "has difficulty following communications on the phone." Doc. 32, ¶ 24.

Defendants have also filed a Motion for Summary Judgment, see Docs. 30 & 31, which is pending before the presiding District Judge, the Hon. Martin Reidinger.

---

[3] Plaintiff additionally states that "he does not yet fully understand Defendants' responsibility to turn over discovery to *pro se* Plaintiff, and Defendants have not yet provided *pro se* Plaintiff with any meaningful discovery." Doc. 32, ¶ 22. It is not clear whether Plaintiff issued written discovery requests to Defendants and in any event Plaintiff did not file any discovery-related motions.

## II.    Discussion

With regard to the Motion for Sanctions, this district has adopted the *Rules Governing Mediated Settlement Conferences in Superior Court Civil Actions* promulgated by the North Carolina Supreme Court. <u>See</u> Local Civil Rule 16.3(b)(1).  Section 7A-38.1(g) of the North Carolina General Statutes in particular provides that any person who is required to attend a mediated settlement conference and fails to do so without good cause "is subject to the contempt powers of the court and monetary sanctions," which may include the payment of fines, attorneys' fees, mediator fees, and the expenses incurred by the other party attending the mediation.  The statute further provides that "[i]f the court imposes sanctions, it shall do so, after notice and a hearing…."

Consequently, an in-person hearing on the Motion for Sanctions would be justified.  However, under the present circumstances, including the current public health situation and the need for social distancing when possible and the pending Motion for Summary Judgment, the undersigned finds that a hearing on the Motion for Sanctions should be deferred pending resolution of the Motion for Summary Judgment.[4]

As for the Motion for Extension, Plaintiff, who is proceeding *pro se*, has

---

[4] Plaintiff is advised that he should respond to the Motion for Summary Judgment in compliance with the local rules and any specific orders regarding the Motion for Summary Judgment issued by the presiding District Judge.

been advised previously about his responsibility for following the applicable procedural rules and participating in this litigation. Although social distancing measures and public health guidance related to COVID-19 can present challenges to ordinary litigation procedures, discovery in this matter has been open since the Pretrial Order and Case Management Plan was entered in July 2019. The pretrial deadlines have been extended twice and the parties were advised that they should not expect requests for further extensions of the pretrial deadlines to be allowed absent compelling circumstances. See Doc. 27, p. 2. The undersigned does not find that such circumstances are presented here or that additional extensions of the deadlines are otherwise warranted.

**IT IS THEREFORE ORDERED THAT:**

1. Consideration of Defendants' Motion for Sanctions for Plaintiff's Failure to Attend Mediation (Doc. 29) is **DEFERRED** pending resolution of the Motion for Summary Judgment.

2. Plaintiff's Motion for Extension of Deadlines (Doc. 32) is **DENIED**.

Signed: May 20, 2020

W. Carleton Metcalf
United States Magistrate Judge